PAMELA K. LANCASTER, APPELLEE, V. LARRY L. BRENNEIS, APPELLANT.

417 N.W.2d 767

Filed January 15, 1988.   No. 85-999.

Paul Korslund of Everson, Wullschleger, Sutter, Sharp, Korslund & Willet, for appellant.

Dennis A. Winkle, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

SHANAHAN, J.

Pamela K. Lancaster, formerly Pamela Zimmerman, commenced a filiation proceeding against Larry L. Brenneis, pursuant to the provisions of Neb. Rev. Stat. §§ 43-1401 to 43-1418 (Reissue 1984). The district court for Gage County entered judgment that Brenneis is the father of Pamela's child, ordered child support and visitation by Brenneis, and denied Brenneis' request that the child's surname be changed to "Brenneis."

Pamela Zimmerman gave birth to her daughter, Heather Michele Zimmerman, on August 19, 1983, and was unmarried at the time of Heather's birth. On November 7, 1984, Pamela filed a complaint, seeking adjudication that Brenneis was the father of her child Heather and a judgment for Brenneis' payment of maternity expenses and child support pertaining to Heather. In his response to Pamela's complaint, Brenneis admitted that he was Heather's father, sought visitation rights concerning Heather, and requested that Heather's surname be changed from "Zimmerman" to "Brenneis."

Pamela and Brenneis were engaged, but their marriage plans failed. As a result of this relationship, Pamela became pregnant. Brenneis' only financial support to Pamela during her pregnancy and after Heather's birth was $200 sent anonymously to Pamela. On March 11, 1984, Pamela married Ronald G. Lancaster, with whom Pamela and Heather were living at the time of trial. Brenneis testified that, in the 2 years since Heather's birth, none of his visits with the child had lasted a day or been overnight visitation. Brenneis categorically admitted that he has "never" even held Heather. Brenneis asked the court to change Heather's surname from "Zimmerman" to "Brenneis," but, outside the admission of paternity, offered nothing to support his request for the name change. Pamela

opposed the change of Heather's surname.

Extensive evidence related to the incomes of the parties, Brenneis' property situation, expenses on account of Pamela's pregnancy with Heather, postnatal expenses, insurance coverage, and specific living expenses in raising Heather. After evidence was concluded and this matter was taken under advisement, the district court entered its judgment that Brenneis is Heather's father and ordered that Brenneis pay Pamela's maternity expenses, provide medical insurance for Heather, pay monthly child support, and have specifically scheduled visitation regarding Heather, whose custody was placed with Pamela. The district court then denied the change in Heather's surname requested by Brenneis.

Brenneis contends that the district court has ordered excessive child support, unduly restricted visitation of Heather, and improperly refused Brenneis' request for the change of Heather's surname.

In filiation proceedings, questions concerning custody and visitation of a child are resolved on the basis of the best interests of the child. See, *Cox v. Hendricks*, 208 Neb. 23, 302 N.W.2d 35 (1981); *State ex rel. Ross v. Jacobs*, 222 Neb. 380, 383 N.W.2d 791 (1986).

Section 43-1402 in part provides: "The father of a child whose paternity is established either by judicial proceedings or by acknowledgment as hereinafter provided shall be liable for its support." A request for child support in a filiation proceeding is characterized as "an equitable proceeding for the support of the child" with trial "the same as in actions formerly cognizable in equity." § 43-1406.

In proceedings to dissolve a marriage involving a question about child support, the amount of child support is initially left to the sound discretion of the trial judge. *Lainson v. Lainson*, 219 Neb. 170, 362 N.W.2d 53 (1985). This court has considered a proceeding to dissolve a marriage as an analog in formulating some principles applicable to a filiation proceeding. See, *Cox v. Hendricks, supra; State ex rel. Ross v. Jacobs, supra*. As a result of § 43-1402, child support in a filiation proceeding is initially left to the sound discretion of the trial judge. Cf. *Riederer v. Siciunas*, 193 Neb. 580, 228 N.W.2d 283 (1975)

(construing Neb. Rev. Stat. § 13-102 (Reissue 1974), the statutory predecessor of § 43-1402). Consequently, concerning questions about custody and visitation of a child as well as child support in filiation proceedings, the Supreme Court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. Cf. *Gerber v. Gerber*, 225 Neb. 611, 407 N.W.2d 497 (1987).

A lengthy factual narrative is unnecessary in the present appeal. While the parties have presented evidence relative to their respective claims and positions regarding child support for and visitation of Heather, our review of the record discloses no peculiar question of fact or novel point of law establishing precedential value in this case. From our review de novo on the record in these proceedings, we find no abuse of discretion by the trial court in its order concerning child support for and Brenneis' visitation of Heather, and, therefore, we affirm the district court's judgment for child support and visitation.

Next, Brenneis contends that the district court improperly denied his request that Heather's surname be changed from "Zimmerman" to "Brenneis." While a birth certificate is the somewhat basic documentary designation of a person's surname, the record brought to this court does not contain an appropriate copy of the certificate of birth for Heather Michele Zimmerman. No one suggests that the name "Heather Michele Zimmerman" is not the name entered on the birth certificate for the child involved in these proceedings under review. Therefore, on the appellate assumption that the name "Heather Michele Zimmerman" has been entered on the child's birth certificate, we proceed to dispose of Brenneis' final assignment of error.

Although the statutes authorizing a filiation proceeding (§§ 43-1401 to 43-1418) do not contain a provision for change of a child's surname on determination of paternity, judicial power to change a child's surname in a filiation proceeding is

expressed in Neb. Rev. Stat. § 71-640.01 (Reissue 1986), which provides:

> (3) In any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father shall be entered on the certificate in accordance with the finding of the court and the surname of the child may be entered on the certificate the same as the surname of the father;
>
> (4) In all other cases, the surname of the child shall be the legal surname of the mother.

The first part of subsection (3) of § 71-640.01 directs that, when an empowered court has determined the paternity of a child, the child's birth certificate must correspondingly reflect the name of the child's father. However, the second part or remainder of subsection (3) contains no statutory mandate for designation or specification of the surname of a child for whom paternity has been established by judicial proceedings. Rather, subsection (3) of § 71-640.01 states that the surname of a child for whom paternity has been established in a judicial proceeding "may" be entered the same as the surname of the child's father. Thus, we hold that, under § 71-640.01(3), a court, exercising jurisdiction in a filiation proceeding, has the discretionary power to decide whether a child's surname shall be changed from the legal surname of the child's mother to the surname of the child's father. In a filiation proceeding, a court, in deciding whether a child's surname should be changed from the mother's surname to the father's surname, must consider the best interests of the child regarding a change of name. *Beyah v. Shelton*, 231 Va. 432, 344 S.E.2d 909 (1986); *Daves v. Nastos*, 105 Wash. 2d 24, 711 P.2d 314 (1985); *Collinsworth v. O'Connell*, 508 So. 2d 744 (Fla. App. 1987).

Although designation of a child's surname arose out of a proceeding to dissolve a marriage, this court, in *Cohee v. Cohee*, 210 Neb. 855, 317 N.W.2d 381 (1982), adopted the "best interests of the child" as the correct criterion or standard applicable to a parental dispute concerning the surname of a child affected by the dissolution. In *Cohee*, the court noted the provisions of § 71-640.01 (Cum. Supp. 1980), which remains unchanged in the form of § 71-640.01 (Reissue 1986). The

*Cohee* court recognized that designation of a child's surname was a part of the powers conferred on a court exercising "equity jurisdiction in dissolution cases." 210 Neb. at 860, 317 N.W.2d at 384. Whereas the power to designate a child's surname was an incident of equity jurisdiction recognized in *Cohee*, in the present case § 71-640.01(3) expressly authorizes a court, in its discretion, to change a child's surname during a filiation proceeding.

To obtain a change in the surname of a child involved in a filiation proceeding, the proponent of the change in surname has the burden to prove that the change in surname is in the child's best interests. See *Matter of G.L.A.*, 430 N.E.2d 433 (Ind. App. 1982). Although Brenneis requested a change in Heather's surname, he failed to adduce any evidence that a change of surname would be in Heather's best interests. Brenneis' mere paternal request does not satisfy the burden of proof required for change in the surname of a child involved in a filiation proceeding. Given only a father's request for a change in the surname of his child, we will not speculate regarding various factual situations, considerations, or circumstances which might justify changing the surname of a child involved in a filiation proceeding. Brenneis failed to meet his burden of proof regarding the change of Heather's surname, and the district court correctly denied Brenneis' request for the change of Heather's surname.

AFFIRMED.