STEVEN M. JACOB, APPELLANT, v. MARGARET V. SCHLICHTMAN, FORMERLY KNOWN AS MARGARET V. SHUCK, SPECIAL ADMINISTRATOR OF THE ESTATE OF MELODY J. HOPPER, DECEASED, APPELLEE.

594 N.W.2d 691

Filed June 1, 1999. No. A-97-1165.

Steven M. Jacob, pro se.

Thomas E. Zimmerman, of Jeffrey, Hahn, Hemmerling & Zimmerman, P.C., for appellee.

IRWIN, Chief Judge, and MUES and INBODY, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Steven M. Jacob appeals the February 20, 1997, denial by the district court for Lancaster County of his motion for leave to proceed in forma pauperis filed on the same date. On appeal, he contends that the district court improperly tried to limit the scope of his appeal to the December 19, 1996, denial of his first motion for leave to proceed in forma pauperis, that the court reporter erroneously failed to produce the bill of exceptions that he requested, and that the district court improperly denied his February 20, 1997, motion for leave to proceed in forma pauperis. For the reasons stated below, we reverse, and remand for further proceedings consistent with this opinion.

## II. FACTUAL BACKGROUND

On December 18, 1996, Jacob filed a motion for leave to proceed in forma pauperis. In the attached affidavit, Jacob stated that he had cash of "approx. $300" and was earning $1.21 per day. On December 19, the district court denied Jacob's motion without a hearing. The court's minute entry states that the motion was denied because Jacob had sufficient income to pay "filing and service fees."

On December 20, 1996, Jacob filed a petition in replevin against Margaret V. Schlichtman, formerly known as Margaret V. Shuck, special administrator of the estate of Melody J.

Hopper, deceased. On February 4, 1997, the defendant filed her special appearance. The defendant contended that the court lacked personal jurisdiction of her. After a hearing on the special appearance held on February 14, the special appearance was sustained.

On February 20, 1997, Jacob filed another motion for leave to proceed in forma pauperis. In the attached affidavit, Jacob stated that he had cash of $.69 and had an income of $24.20 per month. The court denied Jacob's motion on the same date without a hearing. The court's minute entry states that the motion is "denied — see entry of December 19, 1996." A request for reconsideration subsequently filed by Jacob was also denied.

On March 14, 1997, Jacob filed a notice of appeal in which he stated that he was appealing the court's decision to grant the defendant's special appearance and the "courts [sic] repeated denial of in forma pauperis status to the Plaintiff." On the same date, Jacob filed a praecipe for transcript and a praecipe for bill of exceptions. In particular, the praecipe for bill of exceptions requested the preparation of a bill of exceptions containing the February 14 hearing regarding the defendant's special appearance.

Ultimately, on April 14, 1997, the district court granted Jacob leave to appeal the "denial of the original request to proceed in forma pauperis." In its minute entry, the court stated that the "request to appeal the sustaining of the special appearance filed by the Defendant without payment of costs is denied for the reasons set forth in the order dated April 7, 1997." We note that citing the above minute entry, the court reporter refused to prepare the bill of exceptions requested by Jacob, despite his repeated requests and advisement that his request related to the appeal of the denial of motion for leave to proceed in forma pauperis.

### III. ASSIGNMENTS OF ERROR

For Jacob's assignments of error, he challenges the district court's order limiting the scope of his appeal to the December 19, 1996, denial of his first motion for leave to proceed in forma pauperis, the court reporter's failure to produce the bill of exceptions that he requested, and the court's denial of his February 20, 1997, motion for leave to proceed in forma pauperis.

## IV. ANALYSIS

### 1. SCOPE OF APPEAL

Jacob first assigns that the district court erred in limiting the scope of his appeal to the December 19, 1996, denial of his first motion for leave to proceed in forma pauperis. We note that Jacob filed his notice of appeal on March 14, 1997, in which he stated that he was appealing the granting of the defendant's special appearance and the denial of his in forma pauperis status. The district court's minute entry to which Jacob refers to in this assigned error was entered thereafter on April 14.

■ Neb. Rev. Stat. § 25-1912(1) (Reissue 1995) provides that the notice of appeal shall be filed within 30 days "after the rendition of such judgment or decree or the making of such final order." The Nebraska Supreme Court has stated: "It is fundamental that there can be no appeal . . . until there has been a judgment or final order in the district court." *Essay v. Essay*, 180 Neb. 291, 295, 142 N.W.2d 337, 339 (1966).

Jacob's notice of appeal was filed prior to the April 14, 1997, order, and it, therefore, does not reference such order. Jacob could not appeal from an order that had not yet been made. As a result, this assigned error is not properly before us.

### 2. PREPARATION OF BILL OF EXCEPTIONS

Next, Jacob assigns that the court reporter improperly failed to produce the bill of exceptions he requested. In his praecipe for bill of exceptions, Jacob requested that the court reporter include the February 14, 1997, hearing on the defendant's special appearance. Citing the district court's minute entry of April 14, the court reporter refused to prepare the bill of exceptions requested. The transcript before this court shows correspondence between Jacob and the court reporter, in which Jacob explained that his need for the bill of exceptions of the February 14 hearing was related to his appeal of the denial of in forma pauperis status. In Jacob's brief, he contends that at the February 14 hearing, he requested a hearing on his in forma pauperis status and that such request was denied.

■ The Nebraska Supreme Court has stated that once an appellant has made an adequate request, the preparation of the bill of exceptions becomes an internal court matter, and it is the

duty of the court reporter to properly fulfill this request. *Shuck v. Jacob*, 250 Neb. 126, 548 N.W.2d 332 (1996); *State v. Slezak*, 230 Neb. 197, 430 N.W.2d 533 (1988). Neb. Ct. R. of Prac. 5B(1)b (rev. 1996) provides that an appellant's request to prepare a bill of exceptions shall "specifically identify each portion of the evidence and exhibits offered at any hearing *which the party appealing believes material to issues to be presented . . . for review*. The court reporter *shall prepare* only those portions specified in the request for preparation of the bill of exceptions." (Emphasis supplied.)

We conclude that Jacob properly requested, and was entitled to, a bill of exceptions containing the hearing requested and that the court reporter had an obligation to fulfill this request pursuant to rule 5B(1)b. It is not for the court reporter to determine what portions of the record are material to an appeal. However, given our resolution below, it was not necessary for this court to issue an order to the court reporter instructing the preparation of a bill of exceptions containing the requested hearing. See *Shuck, supra* (wherein Nebraska Supreme Court ordered court reporter to prepare supplemental bill of exceptions containing requested evidence and exhibits).

### 3. DENIAL OF IN FORMA PAUPERIS STATUS

Finally, Jacob assigns that the district court erred in denying his February 20, 1997, motion for leave to proceed in forma pauperis. He notes that the defendant made no objection to his motion and that no hearing was held on his motion. Jacob argues that he was entitled to a hearing on his motion and that his affidavit established that his income was low enough to entitle him to proceed in forma pauperis. Jacob relies on the Nebraska Supreme Court's holding in *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995), and Neb. Rev. Stat. § 25-2301 (Reissue 1995).

Section 25-2301 provides in part:

Any court of the State of Nebraska, except the Nebraska Workers' Compensation Court, or of any county shall authorize the commencement, prosecution, or defense of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security,

by a person who makes an affidavit that he or she is unable to pay such costs or give security.

The *Flora* court held that if there is no hearing on the poverty affidavit and the appeal, or when there is a hearing and the evidence is uncontradicted, the trial court has a duty to allow the appellant to proceed in forma pauperis. The court further stated: "However, on the court's own motion or on objection, a trial court may inquire into the truthfulness or good faith of the litigant's poverty affidavit and notice of appeal." 247 Neb. at 265, 526 N.W.2d at 647. The *Flora* court mandated that "[i]n the future, when it appears that a trial court may deny an appellant leave to proceed in forma pauperis, *a hearing shall be held.*" (Emphasis supplied.) *Id.*

We recognize that the lower court in *Flora, supra,* had summarily denied an appellant leave to proceed in forma pauperis on appeal, whereas in this case, the district court summarily denied Jacob leave to proceed in forma pauperis in the proceedings before that court. However, we find no reason to apply a different rule to the situation before us. Therefore, we apply the *Flora* holding to the case before us.

Although the affidavit in support of Jacob's first motion for leave to proceed in forma pauperis showed sufficient funds to commence the case, the affidavit in support of the February 20, 1997, motion for leave to proceed in forma pauperis showed insufficient funds to continue to prosecute the case. In this affidavit, Jacob stated that he had cash on hand of $.69 and an income of $24.20 per month. If the district court desired to inquire into the truthfulness or good faith of Jacob's poverty affidavit, the court could have done so on its own motion and conducted a hearing thereon. Instead, the district court summarily denied Jacob's motion contrary to the *Flora* mandate. The district court was required to hold a hearing prior to a denial of leave to proceed in forma pauperis. According to the *Flora* court, the trial court has a duty to allow a litigant to proceed in forma pauperis if there is no hearing on the poverty affidavit.

For these reasons, we conclude that the district court abused its discretion in failing to conduct a hearing regarding Jacob's motion prior to its denial of the motion. Therefore, we reverse the district court's denial of Jacob's February 20, 1997, motion

to proceed in forma pauperis and remand the case for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.