JANNA L. MINNIG, APPELLANT, V. SCOTT E. NELSON, APPELLEE.

613 N.W. 2d 24

Filed June 27, 2000.   No. A-99-796.

Jennifer S. Liliedahl, of Bowman & Krieger, for appellant.

Terrance A. Poppe and Kelly N. Understock, of Morrow, Poppe, Otte, Watermeier & Phillips, P.C., for appellee.

IRWIN, Chief Judge, and SIEVERS and MOORE, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Janna L. Minnig appeals from a district court order granting Scott E. Nelson's request to have the surname of the parties'

minor child changed from "Minnig" to "Nelson." On appeal, Minnig asserts that Nelson failed to meet his burden of proof to demonstrate that such a name change would be in the child's best interests. Because we conclude that Nelson failed to adduce sufficient evidence to demonstrate the name change would be in the child's best interests, we find the district court abused its discretion in granting the name change, and we reverse the court's judgment in this regard.

## II. BACKGROUND

Paxton Rae Minnig was born on November 29, 1998. Minnig is Paxton's mother, and Nelson is Paxton's father. Since birth, Paxton's last name has been "Minnig." On January 22, 1999, Minnig filed a petition for the establishment of paternity, support, and custody. At trial, the parties entered into a stipulation concerning all issues except Paxton's last name.

At trial, both parties testified that they wanted Paxton to have their respective last name, and both testified as to their reasons. The record indicates that a temporary order was entered on February 17, 1999, giving temporary custody and child support to Minnig and granting Nelson visitation. The evidence at trial indicated that Nelson had paid support and had exercised visitation since the time of the temporary order. On May 7, the district court filed an order approving the parties' stipulation. The stipulation addressed all the salient issues except Paxton's last name. The court held that Paxton's last name should be changed from Minnig to Nelson. Minnig has filed this timely appeal.

## III. ASSIGNMENT OF ERROR

On appeal, Minnig has assigned three errors, which we consolidate for discussion to one. Minnig asserts that the district court abused its discretion in granting Nelson's request to change Paxton's last name from Minnig to Nelson.

## IV. ANALYSIS

The question of whether the name of a minor child should be changed is to be determined by what is in the best interests of the child. *In re Change of Name of Andrews*, 235 Neb. 170, 454 N.W.2d 488 (1990). In a filiation proceeding, a court, in deciding whether a child's surname should be changed

from the mother's surname to the father's surname, must consider the best interests of the child regarding a change of name. *Lancaster v. Brenneis*, 227 Neb. 371, 417 N.W.2d 767 (1988). The proponent of the change in surname has the burden to prove that the change in surname is in the child's best interests. *Id.*

■ The Nebraska Supreme Court has noted that whether a change in a minor's surname is in the best interests of the child may depend on several factors, such as (1) misconduct by one of the child's parents; (2) a parent's failure to support the child; (3) parental failure to maintain contact with the child; (4) the length of time that a surname has been used for or by the child; (5) whether the child's surname is different from the surname of the child's custodial parent; (6) a child's reasonable preference for one of the surnames; (7) the effect of the change of the child's surname on the preservation and development of the child's relationship with each parent; (8) the degree of community respect associated with the child's present surname and the proposed surname; (9) the difficulties, harassment, or embarrassment that the child may experience from bearing the present or proposed surname; and (10) the identification of the child as a part of a family unit. *In re Change of Name of Andrews, supra.* See, also, *Cohee v. Cohee*, 210 Neb. 855, 317 N.W.2d 381 (1982). These factors are substantially similar to the factors considered by other courts in the context of requests for name change in paternity proceedings. See *Jarrells v. Epperson*, 115 Ohio App. 3d 69, 684 N.E.2d 718 (1996); *Hazel v. Wells*, 918 S.W.2d 742 (Ky. App. 1996). Other important factors include the motivation of the parties, the effect a failure to change the name will have on furthering the estrangement of the child from a parent exhibiting a desire to preserve a parental relationship, the possibility that a different surname may cause insecurity or a lack of identity, and the use of a particular surname for a substantial length of time without objection. See *Hazel v. Wells, supra.*

In light of the foregoing factors, we conclude that Nelson failed to meet his burden of proof. See *Lancaster v. Brenneis, supra.* There was no evidence whatsoever to suggest that either party is guilty of any misconduct, failure to support Paxton, or failure to maintain contact with him. At the time of the hearing,

Paxton was less than 5 months old and, accordingly, was not able to express a reasonable preference. There was absolutely no evidence to suggest that leaving the surname as Minnig or changing the surname to Nelson would have any impact whatsoever on the preservation and development of Paxton's relationship with each parent; impose any difficulties, harassment, or embarrassment for him; or impact his identification as part of a family unit. There was no evidence whatsoever concerning community respect associated with Paxton's present or proposed surname.

At trial, Nelson testified that he wanted Paxton to have "Nelson" as his surname because Paxton was Nelson's only child and might be the only child Nelson ever has. Additionally, Nelson indicated that he thought it would be less confusing for Paxton if he had "Nelson" as a last name in the event Minnig someday marries and changes her own last name to that of her eventual husband. On appeal, Nelson argues that he has gone "above and beyond" the support obligation imposed by Nebraska law, brief for appellee at 9, and that changing Paxton's surname to "Nelson" will foster bonding by Paxton with Nelson, as the noncustodial parent. While we applaud Nelson's interest in supporting and caring for his child, and while it is laudable and encouraging to see that Nelson intends to continue in his relationship with Paxton, Nelson's efforts do not demonstrate that Paxton's best interests necessitate a change in his name. The evidence at trial indicates that both parties have supported Paxton and have shown care toward Paxton. As the party seeking the name change, it was Nelson's burden to demonstrate that such a change would be in Paxton's best interests.

Because there was no evidence presented at trial demonstrating that changing Paxton's surname would be in his best interests, we conclude that the district court abused its discretion in ordering the change in his surname. Accordingly, we reverse the court's finding in this regard and order that Paxton's surname be "Minnig." In all other respects, we affirm the court's judgment.

AFFIRMED IN PART, AND IN PART REVERSED.