STEVEN M. JACOB, APPELLANT, V. MARGARET SCHLICHTMAN, FORMERLY KNOWN AS MARGARET SHUCK, SPECIAL ADMINISTRATOR OF THE ESTATE OF MELODY HOPPER, DECEASED, APPELLEE.

622 N.W.2d 852

Filed February 2, 2001.   No. S-99-1123.

Steven M. Jacob, pro se.

Thomas E. Zimmerman, of Jeffrey, Hahn, Hemmerling & Zimmerman, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Steven M. Jacob appeals from an order of the district court for Lancaster County denying his motion for leave to proceed in forma pauperis. We find no error and affirm.

## BACKGROUND

Jacob is currently serving a life sentence following his conviction of first degree murder in the death of Melody J. Hopper. See *State v. Jacob*, 253 Neb. 950, 574 N.W.2d 117 (1998). He commenced this replevin action against the special administrator of Hopper's estate to recover property which he claims to have been wrongfully executed upon in partial satisfaction of a wrongful death judgment obtained by the special administrator in a related action. The Nebraska Court of Appeals resolved a previous appeal in this action from a prior order denying leave to proceed in forma pauperis. See *Jacob v. Schlichtman*, 8 Neb.

App. 439, 594 N.W.2d 691 (1999). We quote the following procedural background from that opinion:

On December 18, 1996, Jacob filed a motion for leave to proceed in forma pauperis. In the attached affidavit, Jacob stated that he had cash of "approx. $300" and was earning $1.21 per day. On December 19, the district court denied Jacob's motion without a hearing. The court's minute entry states that the motion was denied because Jacob had sufficient income to pay "filing and service fees."

On December 20, 1996, Jacob filed a petition in replevin against Margaret V. Schlichtman, formerly known as Margaret V. Shuck, special administrator of the estate of Melody J. Hopper, deceased. On February 4, 1997, the defendant filed her special appearance. The defendant contended that the court lacked personal jurisdiction of her. After a hearing on the special appearance held on February 14, the special appearance was sustained.

On February 20, 1997, Jacob filed another motion for leave to proceed in forma pauperis. In the attached affidavit, Jacob stated that he had cash of $.69 and had an income of $24.20 per month. The court denied Jacob's motion on the same date without a hearing. The court's minute entry states that the motion is "denied — see entry of December 19, 1996." A request for reconsideration subsequently filed by Jacob was also denied.

On March 14, 1997, Jacob filed a notice of appeal in which he stated that he was appealing the court's decision to grant the defendant's special appearance and the "courts [sic] repeated denial of in forma pauperis status to the Plaintiff." . . .

Ultimately, on April 14, 1997, the district court granted Jacob leave to appeal the "denial of the original request to proceed in forma pauperis." In its minute entry, the court stated that the "request to appeal the sustaining of the special appearance filed by the Defendant without payment of costs is denied for the reasons set forth in the order dated April 7, 1997."

*Jacob v. Schlichtman,* 8 Neb. App. at 440-41, 594 N.W.2d at 693.

In the first appeal, the Court of Appeals determined that the district court abused its discretion in not conducting a hearing on Jacob's request to proceed in forma pauperis. Accordingly, it reversed the judgment and remanded the cause for further proceedings.

Following remand, Jacob filed another motion for leave to proceed in forma pauperis which was heard on August 27, 1999, with Jacob participating by telephone. Jacob's inmate account records were received in evidence at that hearing. On September 3, the district court entered an order denying Jacob's request to proceed in forma pauperis. Based upon the record, which included Jacob's inmate account records, the district court found that Jacob had sufficient funds to pay costs in the case. Specifically, the court noted that "as of June 25, 1999, [Jacob] had a balance of $118.88. [The inmate account records] also show [that Jacob] has an average monthly income of approximately $115.00." The district court opined that "[a]pparently [Jacob] is of the belief that Lancaster County should be responsible for the bond (replevin) required by NEB. REV. STAT. § 25-1098 (Reissue 1995) and that such a bond is 'security' as set forth in NEB. REV. STAT. § 25-2301 (Reissue 1995)." The court implicitly rejected this contention.

Jacob now appeals from the order denying him leave to proceed in forma pauperis. We moved the appeal to our docket on our own motion pursuant to our authority to regulate the dockets of the appellate courts. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Jacob contends that the district court abused its discretion in denying him leave to proceed in forma pauperis. He also asserts that the district court "erred in ruling that the in forma pauperis statutes, Neb.Rev.Stat. §25-2301 et seq. (Reissue 1995) and Neb.Rev.Stat. §25-2301 et seq. (Cumm.[sic] Supp. 1999) would not permit a party to invoke the replevin remedy without providing the security required by the replevin statutes." Finally, Jacob maintains that if the term security, as it is used in the in forma pauperis statutes, is construed not to include a replevin bond, then the replevin statutes deny him equal protection of the

law because they burden a poor person's ability to proceed with a replevin action.

## STANDARD OF REVIEW

An appellate court shall review the decision denying in forma pauperis eligibility de novo on the record based on the transcript of the hearing or the written statement of the court. Neb. Rev. Stat. § 25-2301.02(2) (Cum. Supp. 2000). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Prochaska v. Douglas Cty.*, 260 Neb. 642, 619 N.W.2d 437 (2000); *Smith v. Paoli Popcorn Co.*, 260 Neb. 460, 618 N.W.2d 452 (2000).

## ANALYSIS

Proceedings in forma pauperis are governed by chapter 25, article 23, of the Nebraska Revised Statutes. See Neb. Rev. Stat. §§ 25-2301 to 25-2310 (Cum. Supp. 2000). We note that the effective date of the current version of these statutes is August 28, 1999, which date was subsequent to the filing of Jacob's motion and hearing thereon but prior to the order denying the motion. We agree with the suggestion in Jacob's brief that the current statutes are substantially unchanged from the previous version and should be applied in resolving this appeal.

The term "in forma pauperis" is defined by statute as "the permission given by the court for a party to proceed without prepayment of fees and costs or security." § 25-2301(2). One seeking such permission must file an application including "an affidavit stating that the affiant is unable to pay the fees and costs or give security required to proceed with the case, the nature of the action, defense, or appeal, and the affiant's belief that he or she is entitled to redress." § 25-2301.01. There is a statutory right of interlocutory appellate review of a decision denying in forma pauperis eligibility to be conducted "de novo on the record based on the transcript of the hearing or the written statement of the court." § 25-2301.02(2).

Jacob contends that he must be allowed to proceed with his replevin action in forma pauperis because he is without the means to post the bond he claims is required by Neb. Rev. Stat. § 25-1098 (Reissue 1995), which he argues is "security" within

the meaning of §§ 25-2301(2) and 25-2301.01. Nebraska's replevin statutes permit, but do not require, the plaintiff in a replevin action to seek a temporary order to obtain possession of the property which is the subject of the action prior to final determination on the merits. Neb. Rev. Stat. §§ 25-1093 to 25-10,106 (Reissue 1995). When a temporary order is issued, the sheriff is required to execute the order by taking possession of the property in question. § 25-1097. Whether such property is then delivered to the plaintiff or returned to the defendant pending final determination of the action is governed by § 25-1098, which provides:

The sheriff, or other officer, shall not deliver to the plaintiff, his agent or attorney, the property so taken, until there has been executed by one or more sufficient sureties of the plaintiff a written undertaking to the defendant, in at least double the value of the property taken, to the effect that the plaintiff shall duly prosecute the action and pay all costs and damages which may be awarded against him, and return the property to the defendant, in case judgment for a return of such property is rendered against him. The undertaking shall be returned with the order.

If, before the actual delivery to the plaintiff, the defendant executes within twenty-four hours from the time of the levy, by one or more sufficient sureties a written undertaking to the plaintiff, in at least double the value of the property, to the effect that the defendant shall duly defend the action and pay all costs and damages which may be awarded against him, and deliver the property to the plaintiff, in case judgment for delivery of such property is rendered against him, the undertaking shall be returned with the order by the officer, who shall return the property to the defendant.

See, also, § 25-10,101 (providing that "the property shall be delivered to the plaintiff when the undertaking required by section 25-1098 has been given"); § 25-10,100 (providing in part that "[i]f the undertaking required by section 25-1098 is not given within twenty-four hours from the taking of the property under said order, the sheriff or other officer shall return the property to the defendant"). When the plaintiff does not obtain possession of the property pursuant to a temporary order and furnishing of the bond required by § 25-1098, then "the action

may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are right and proper." § 25-10,106.

The issue presented in this appeal is whether the bond that § 25-1098 requires as a condition for transfer of possession of property pending final disposition in a replevin action is "security" within the meaning of the statutes governing proceedings in forma pauperis, so that its cost would be a factor in the court's determination of in forma pauperis status. The meaning of a statute is a question of law, and a reviewing court is obligated to reach conclusions independent of the determination made by the court below. *In re Application of City of North Platte*, 257 Neb. 551, 599 N.W.2d 218 (1999). In discerning the meaning of a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense, as it is the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. *Abboud v. Papio-Missouri River NRD*, 253 Neb. 514, 571 N.W.2d 302 (1997); *Brown v. Wilson*, 252 Neb. 782, 567 N.W.2d 124 (1997). The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *In re Guardianship of Rebecca B. et al.*, 260 Neb. 922, 621 N.W.2d 289 (2000); *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000). We therefore consider the entire statutory scheme of chapter 25, article 23, in determining whether a replevin bond is a form of "security" within the meaning of § 25-2301(2).

After defining "in forma pauperis" and establishing a statutory procedure for determining whether a litigant may proceed in that status, the Legislature made specific provisions for waiver or payment of various costs and expenses which the in forma pauperis litigant is excused from paying. Section 25-2302 provides that upon determining that a party may proceed in forma pauperis, the court "shall direct the responsible officer of the court to issue and serve all the necessary writs, process, and proceedings and perform all such duties without charge." Counties are required to pay other essential costs incurred by the

in forma pauperis litigant. See, § 25-2303 (expense of process by publication, if required); § 25-2304 (payment of process and fees to secure presence of witnesses whom court finds to have evidence material and necessary to case); §§ 25-2305 to 25-2307 (costs associated with briefs and record on appeal). There is no statutory provision for the payment of bond premiums on behalf of a litigant who proceeds in forma pauperis. From the plain language of the provisions of chapter 25, article 23, read as a whole, we conclude that in forma pauperis status does not excuse the litigant from paying the cost of a premium for a replevin bond pursuant to § 25-1098, and that therefore, such cost need not be considered in determining whether a litigant "is unable to pay the fees and costs or give security required to proceed with the case," § 25-2301.01. We hold that in this context, "security" means security for those costs and expenses specifically enumerated in chapter 25, article 23, that an in forma pauperis litigant is excused from paying. We further note that a litigant is not required to furnish a bond to proceed with a replevin action, since under § 25-10,106, a litigant who does not elect to seek a temporary order and furnish the required undertaking in connection therewith may still pursue the action to recover "such damages as are right and proper." § 25-10,106.

The district court specifically found that "as of June 25, 1999, [Jacob] had a balance of $118.88. [The inmate account records] also show [that Jacob] has an average monthly income of approximately $115.00." As a result, the district court found that Jacob had sufficient funds to pay the cost of proceeding with the case. Our de novo review of the record leads us to the same conclusion.

Finally, Jacob argued to this court that if the term security in the in forma pauperis statutes does not include a replevin bond, then the replevin statute must be declared unconstitutional as a violation of the Equal Protection Clause of both the state and the federal Constitutions. As this argument was not made below, we cannot entertain it for the first time on appeal. See *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000).

## CONCLUSION

The term "security" as it is used in this state's in forma pauperis statutes does not include the cost of the replevin bond

described in § 25-1098, and therefore, the district court did not err in declining to consider such cost in determining whether Jacob was entitled to proceed in forma pauperis. Based upon the record, we find no error in the determination that he was not so entitled. Consequently, we affirm the order of the district court denying Jacob's motion to proceed in forma pauperis.

AFFIRMED.