SHAWN LEE JONES, APPELLEE, V. STACIE J. PAULSON, APPELLANT.

622 N.W.2d 857

Filed March 2, 2001.    No. S-99-1359.

Michael B. Lustgarten, of Lustgarten & Roberts, P.C., for appellant.

Karen A. Bates-Crouch for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

### PROCEDURAL AND FACTUAL BACKGROUND

The minor child, Jordan Michael-Ray Jones, was born on February 28, 1996, to Stacie J. Paulson, the mother, and Shawn Lee Jones, the father. At the time of Jordan's birth, the parties were intending to be married, so they agreed to give Jordan the surname Jones. The certificate of live birth filed with the then Nebraska Department of Health so reflects the minor child's name, Jordan Michael-Ray Jones. Subsequently, the parties' relationship ended, and on March 9, 1999, the father, a resident of Nebraska, filed a paternity action in the Douglas County District Court. In the paternity action, the father was seeking, inter alia, a determination of paternity, joint custody of Jordan, and child support from Jordan's mother. The mother, a resident of Texas, filed a responsive pleading and cross-petition, admitting that Jones was Jordan's father, and seeking, inter alia, sole custody of Jordan, child support from Jordan's father, and a determination from the court that Jordan's surname be changed to Paulson-Jones.

Prior to trial, the parties stipulated, subject to court approval, inter alia, that (1) the mother would be awarded sole custody of Jordan subject to the father's reasonable visitation rights as set forth in the stipulation and (2) the father would pay child support and his share of day-care expenses pursuant to the terms of the stipulation. The sole issue contested at trial was the mother's request in her cross-petition to have Jordan's surname changed from Jones to Paulson-Jones. The trial testimony regarding the requested change of surname was brief and centered around the best interests of the child.

The mother testified that she thought it would be good to give Jordan the surname Paulson-Jones so that he would have an identity with both of his parents. She also testified that changing Jordan's surname would not result in an identity crisis because, at 3½ years old, Jordan does not know his full name. The father, who objected to the name change, testified that Jordan does know his name is Jordan Jones, but that he recently heard Jordan call himself Jordan Paulson. Additionally, the mother testified that she did not know whether she would keep the surname Paulson for the rest of her life.

At the close of trial, the district court concluded that it was without power to change Jordan's surname, unless, pursuant to Neb. Rev. Stat. § 71-640.01 (Reissue 1996), both of the parents agreed to the name change. Therefore, the district court determined that Jordan's surname would remain Jones. It is from this order that the mother appeals.

## ASSIGNMENT OF ERROR

The mother assigns as error the district court's refusal to change Jordan's surname to Paulson-Jones.

## STANDARD OF REVIEW

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Jacob v. Schlichtman, ante* p. 169, 622 N.W.2d 852 (2001).

## ANALYSIS

This appeal presents the question whether a district court, in a paternity action, has the statutory power to change a child's surname in a situation where a child was given his natural father's surname at birth and the mother seeks to change the child's surname to include the surname of the mother. Based on a plain reading of the relevant statutes, we answer the question in the negative and affirm the judgment of the district court.

■ We adhere to the principle that in the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *In re Referral of Lower Platte South NRD, ante* p. 90, 621 N.W.2d 299 (2001). In *Lancaster v. Brenneis*, 227 Neb. 371, 417 N.W.2d 767 (1988), we were presented with a situation where the father, in a paternity action, wanted the child's surname to be changed from the *mother's* surname to the *father's* surname. We held that a district court, "exercising jurisdiction in a filiation proceeding, has the discretionary power to decide whether a child's surname shall be changed from the legal surname of the

child's mother to the surname of the child's father." *Id.* at 375, 417 N.W.2d at 770.

Our decision in *Lancaster v. Brenneis, supra*, was based on § 71-640.01, which at that time stated, in part, the following:

> (3) In any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father shall be entered on the certificate in accordance with the finding of the court and the surname of the child may be entered on the certificate the same as the surname of the father;

> (4) In all other cases, the surname of the child shall be the legal surname of the mother.

We held that the statute contained no mandate for designation of a child's surname for whom paternity has been established by a judicial proceeding. "Rather, subsection (3) . . . states that the surname of a child for whom paternity has been established in a judicial proceeding 'may' be entered the same as the surname of the child's father." *Lancaster v. Brenneis,* 227 Neb. at 375, 417 N.W.2d at 770.

In the instant case, the district court determined that it would have the power to change a child's surname only if both parents agreed to the new name because of a statutory amendment after our decision in *Lancaster v. Brenneis, supra.* In 1994, the Legislature amended and moved the language of § 71-640.01(3), quoted above, to Neb. Rev. Stat. § 71-640.03 (Reissue 1996). See 1994 Neb. Laws, L.B. 886, and 1996 Neb. Laws, L.B. 1044. The current version of § 71-640.03 contains language quite similar to the language upon which our reasoning was based in *Lancaster v. Brenneis:*

> (1) In any case in which paternity of a child is determined by a court of competent jurisdiction, the surname of the child may be entered on the record the same as the surname of the father.

> (2) The surname of the child shall be the parents' prerogative, except that the Department of Health and Human Services Finance and Support shall not accept a birth certificate with a child's surname that implies any obscene or objectionable words or abbreviations.

Under the previous statutory scheme, the parents were required to give their child, at birth, either the father's surname or the mother's surname. The major change in the statute, and the effect of subsection (2), was to allow parents to give their child a different surname at birth than either the mother's surname or the father's surname, so long as the chosen surname did not imply any obscene or objectionable words or abbreviations. Compare § 71-640.01 (Reissue 1990).

Focusing on the new statutory language that the child's surname "shall be the parents' prerogative," the district court in the case at bar refused to change the surname of the parties' minor child, reasoning that the enactment of § 71-640.03 revoked its power to change the child's surname unless both parents agreed that the name should be changed. The district court's reasoning is not entirely correct.

The pivotal language of § 71-640.01 which we relied upon in *Lancaster v. Brenneis*, 227 Neb. 371, 417 N.W.2d 767 (1988), now found in § 71-640.03, has not changed. Section 71-640.03(1) maintains that the surname of a child for whom paternity has been established in a judicial proceeding "may" be entered the same as the surname of the child's father. See *Lancaster v. Brenneis, supra*. Under § 71-640.03(1), a district court, exercising jurisdiction in a paternity action, continues to have discretionary power to decide whether a child's surname should be changed *to the surname of the father*. See *Lancaster v. Brenneis, supra*. In a paternity action, a court, in deciding whether a child's surname should be changed to the father's surname under § 71-640.03(1), must consider the best interests of the child regarding a change of name. See *Lancaster v. Brenneis, supra*. Therefore, the district court was incorrect in determining that it completely lacked power to change a child's surname in a paternity action, absent both parents' consent.

However, § 71-640.03 does not grant the district court the power, in a paternity action, to change the child's surname to something other than the father's surname. Under the plain language of § 71-640.03(1), after paternity is established by a district court, the district court has the discretion to decide only *paternity*-related issues, i.e., whether to change the child's previous surname to the father's surname. Therefore, any other

request for a change of surname cannot be considered in the context of a paternity action.

In the case at bar, Jordan was given his father's surname, Jones, at birth. A paternity action was subsequently filed by the father, and the mother requested that the surname of the child be changed to reflect both parents' surnames. While we disagree with the district court's reasoning that absent both parents' consent, it completely lacked power to change a child's surname in a paternity action, we nonetheless conclude that the district court lacked the statutory power to change Jordan's surname to something other than the father's surname in the instant paternity action.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court denying the mother's request to change Jordan's surname from Jones to Paulson-Jones.

AFFIRMED.