State of Nebraska, appellee, v.
Michael Joseph Sims, appellant.
___ N.W.2d ___

Filed July 24, 2015.    Nos. S-14-931, S-14-1073.

1. **Affidavits: Appeal and Error.** A district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is reviewed de novo on the record based on the transcript of the hearing or written statement of the court.
2. **Jurisdiction: Fees: Appeal and Error.** An appeal shall be deemed perfected and the appellate court shall have jurisdiction of the cause when such notice of appeal has been filed and such docket fee deposited in the office of the clerk of the district court.
3. **Affidavits: Costs: Fees: Appeal and Error.** In lieu of the payment of costs and fees of litigation, in forma pauperis status may be obtained by appropriate application.
4. **Affidavits: Costs: Fees: Limitations of Actions: Appeal and Error.** Where an objection to in forma pauperis status is sustained, the party filing the application shall have 30 days after the ruling or issuance of the statement to proceed with an action or appeal upon payment of fees, costs, or security notwithstanding the subsequent expiration of any statute of limitations or deadline for appeal.

Appeals from the District Court for Douglas County: Gary B. Randall, Judge. Appeal in No. S-14-931 held under submission. Judgment in No. S-14-1073 affirmed.

Michael Joseph Sims, pro se.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

Heavican, C.J., Wright, Connolly, McCormack, Miller-Lerman, and Cassel, JJ.

Heavican, C.J.

## INTRODUCTION

The district court denied the application of Michael Joseph Sims to proceed in forma pauperis in his appeal from the denial of his earlier motion for postconviction relief. We find no error in the district court's denial of in forma pauperis status, but give Sims 30 days in which to pay the statutory docket fee for the appeal docketed as case No. S-14-931. If the docket fee has not been paid within that time, the appeal will be dismissed.

Sims also appealed from the district court's denial of his motion to proceed in forma pauperis (as distinct from his appeal on the merits of the litigation); that appeal is docketed as case No. S-14-1073. The judgment of that appeal is affirmed.

## BACKGROUND

In 1998, Sims was convicted of first degree murder, attempted first degree murder, and two counts of use of a deadly weapon to commit a felony. His convictions and sentences were affirmed by this court on direct appeal.[1] Sims later filed a motion for postconviction relief, which was denied,[2] and a second motion for postconviction relief, which was also denied.[3]

These current appeals are based upon Sims' third motion for postconviction relief, which was filed on June 12, 2014. The district court denied this motion without an evidentiary hearing. Sims appealed. In lieu of the statutory docket fee, Sims filed a motion to proceed in forma pauperis on appeal. On its own motion, the district court denied Sims' motion

---

[1] *State v. Sims*, 258 Neb. 357, 603 N.W.2d 431 (1999).

[2] *State v. Sims*, 272 Neb. 811, 725 N.W.2d 175 (2006).

[3] *State v. Sims*, 277 Neb. 192, 761 N.W.2d 527 (2009).

to proceed in forma pauperis. This appeal from the denial of Sims' postconviction motion was docketed with this court as case No. S-14-931.

Following the denial of his motion to proceed in forma pauperis in the appeal docketed as case No. S-14-931, Sims filed an appeal from this denial. That appeal is docketed as case No. S-14-1073. Sims filed with the district court a motion to proceed in forma pauperis for the appeal docketed as case No. S-14-1073. That application was also denied. Sims has not appealed from that denial of in forma pauperis status. Sims' appeals have been consolidated for argument and disposition.

Sims has not paid any docket fee in connection with either of these appeals.

## ASSIGNMENTS OF ERROR

Sims assigns that the district court erred in (1) denying his motion to proceed in forma pauperis and (2) denying his motion for postconviction relief.

## STANDARD OF REVIEW

[1] A district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is reviewed de novo on the record based on the transcript of the hearing or written statement of the court.

## ANALYSIS

Sims first assigns that the district court erred in denying his motion to proceed in forma pauperis in his appeal from the district court's denial of Sims' motion for postconviction relief.

Applications to proceed in forma pauperis are governed by § 25-2301.02. That section provides:

> (1) An application to proceed in forma pauperis shall be granted unless there is an objection that the party filing the application (a) has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious. The objection to the

application shall be made within thirty days after the filing of the application or at any time if the ground for the objection is that the initial application was fraudulent. Such objection may be made by the court on its own motion or on the motion of any interested person. The motion objecting to the application shall specifically set forth the grounds of the objection. An evidentiary hearing shall be conducted on the objection unless the objection is by the court on its own motion on the grounds that the applicant is asserting legal positions which are frivolous or malicious. If no hearing is held, the court shall provide a written statement of its reasons, findings, and conclusions for denial of the applicant's application to proceed in forma pauperis which shall become a part of the record of the proceeding. If an objection is sustained, the party filing the application shall have thirty days after the ruling or issuance of the statement to proceed with an action or appeal upon payment of fees, costs, or security notwithstanding the subsequent expiration of any statute of limitations or deadline for appeal. In any event, the court shall not deny an application on the basis that the appellant's legal positions are frivolous or malicious if to do so would deny a defendant his or her constitutional right to appeal in a felony case.

(2) In the event that an application to proceed in forma pauperis is denied and an appeal is taken therefrom, the aggrieved party may make application for a transcript of the hearing on in forma pauperis eligibility. Upon such application, the court shall order the transcript to be prepared and the cost shall be paid by the county in the same manner as other claims are paid. The appellate court shall review the decision denying in forma pauperis eligibility de novo on the record based on the transcript of the hearing or the written statement of the court.

As an initial matter, we note there is some question as to whether the district court held a hearing. Such hearing is

required by the plain language of § 25-2301.02 in the event the court objects to an application to proceed in forma pauperis on the basis that the party filing the application "has sufficient funds to pay costs, fees, or security."

Here, the district court indicated in its order denying the application to proceed in forma pauperis that the matter "came on for hearing." And Sims does not now complain that no hearing was held. We additionally note that our appellate record contains no bill of exceptions and no exhibits from any hearing, but we do not find this dispositive. Section 25-2301.02(2) provides that "[i]n the event that an application to proceed in forma pauperis is denied and an appeal is taken therefrom, the aggrieved party may make application for a transcript of the hearing on in forma pauperis eligibility." In this case, Sims is the aggrieved party, but made no application for the transcript of the hearing. As such, we will determine the issues presented by this appeal from a review of the district court's order denying Sims' application to proceed in forma pauperis, as well as the documents attached to Sims' application to proceed in forma pauperis. It is apparent from our review of the record that these documents were available to the district court.

In this case, the district court, on its own motion, objected to Sims' application on the basis that it believed Sims had sufficient funds to pay the docket fee and concluded as much in a written order. The district court specifically noted that Sims had nearly $5,000 in his prison account and was employed for approximately 25 hours per week at a rate of $12.59 an hour. The district court referenced the federal poverty line in making this conclusion.

Sims disagrees with the district court's conclusion that his earnings place him over the federal poverty line. He contends in his brief that while he earns $12.59 an hour, his effective earnings are only $2.25 an hour because the remainder goes to his victims.

Sims' argument regarding his eligibility for in forma pauperis status is without merit. It is undisputed that Sims had

at least $4,800 in his prison account at the time he initially appealed from the district court's denial of his motion for post-conviction relief. And while Sims is allowed to purchase items from the prison store, as the district court noted, Sims does not pay for housing or food. Sims appears to have sufficient funds to pay his filing fees for his appeal.

We are not persuaded by Sims' contention that we ought to use the federal poverty line to determine whether a litigant should be entitled to in forma pauperis status. Sims cites to no authority that requires the federal or state courts to do so. Moreover, we note that Sims asks that we use only the federal poverty line as a gauge for in forma pauperis purposes. The district court did this. For these reasons, we conclude that the district court did not err in denying Sims in forma pauperis status.

[2,3] We turn next to the disposition of Sims' appeals. Neb. Rev. Stat. § 25-1912(4) (Reissue 2008) provides that "an appeal shall be deemed perfected and the appellate court shall have jurisdiction of the cause when such notice of appeal has been filed and such docket fee deposited in the office of the clerk of the district court." In lieu of payment of costs and fees of litigation, in forma pauperis status may be obtained by appropriate application.[4]

The appeal docketed as case No. S-14-1073 is solely an appeal from the denial of Sims' motion to proceed in forma pauperis in the appeal docketed as case No. S-14-931. Because we conclude that the district court did not err in denying Sims' application to proceed in forma pauperis, we affirm the district court's order with respect to this appeal.

[4] However, Sims' appeal docketed as case No. S-14-931 concerning the merits of his claim should be held under submission for payment of the statutory docket fee. The district court denied Sims' application to proceed in forma pauperis, and we have above concluded that the district court did not err in doing so. However, § 25-2301.02(1) provides that

---

[4] Neb. Rev. Stat. § 25-2301.01 (Reissue 2008).

> [i]f an objection [to in forma pauperis status] is sustained, the party filing the application shall have thirty days after the ruling or issuance of the statement to proceed with an action or appeal upon payment of fees, costs, or security notwithstanding the subsequent expiration of any statute of limitations or deadline for appeal.

As such, we conclude that Sims shall be permitted 30 days from the issuance of the mandate in this case in which to pay the statutory docket fee. Failure to so do will result in the dismissal of his appeal from the denial of his postconviction motion docketed as case No. S-14-931.

## CONCLUSION

The district court did not err in denying Sims' application to proceed in forma pauperis. We therefore affirm the judgment in case No. S-14-1073. But we note that Sims has 30 days in which to pay the statutory docket fee for the appeal docketed as case No. S-14-931. Sims' failure to do so will result in the dismissal of that appeal.

Appeal in No. S-14-931 held under submission.

Judgment in No. S-14-1073 affirmed.

Stephan, J., not participating.