State of Nebraska on behalf of Jakai C.,
minor child, appellee, v. Tiffany M.,
appellee, and Damian C., appellant.

___ N.W.2d ___

Filed November 13, 2015.    No. S-13-1052.

1. **Affidavits: Appeal and Error.** A district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court.
2. **Child Custody: Appeal and Error.** Child custody determinations are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion.
3. **Affidavits: Fees: Appeal and Error.** The filing of a poverty affidavit, properly confirmed by oath or affirmation, serves as a substitute for the docket fee for an appeal.
4. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
5. ____: ____. A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result.
6. **Child Custody: Appeal and Error.** In child custody cases, where the credible evidence is in conflict on a material issue of fact, the appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.
7. **Child Custody: Proof.** In a child custody modification case, first, the party seeking modification must show a material change in circumstances, occurring after the entry of the previous custody order and affecting the best interests of the child. Next, the party seeking

modification must prove that changing the child's custody is in the child's best interests.

8. **Modification of Decree: Words and Phrases.** A material change in circumstances means the occurrence of something which, had it been known at the time of the initial decree, would have persuaded the court to decree differently.

9. **Child Custody: Proof.** The party seeking modification of child custody bears the burden of showing as an initial matter that there has been a change in circumstances.

10. **Child Custody: Evidence: Time.** In determining whether the custody of a minor child should be changed, the evidence of the custodial parent's behavior during the year or so before the hearing on the motion to modify is of more significance than the behavior prior to that time.

Appeal from the District Court for Sarpy County: Max Kelch, Judge. Affirmed.

Amy Sherman for appellant.

Paul J. Gardner, John C. Wieland, and Kevin J. McCoy, of Smith, Gardner, Slusky, Lazer, Pohren & Rogers, L.L.P., for appellee Tiffany M.

Heavican, C.J., Wright, Connolly, McCormack, Miller-Lerman, Cassel, and Stacy, JJ.

Miller-Lerman, J.
## NATURE OF CASE
Damian C., the appellant, and Tiffany M., the appellee, have a minor child together, Jakai C. In July 2011, the district court for Sarpy County filed a "Decree of Paternity, Custody, and Parenting Time," which awarded joint legal custody to the parties, awarded physical custody to Tiffany, and ordered Damian to pay child support. In 2012, Damian filed a complaint to modify the decree, seeking sole legal and physical custody and an order that Tiffany pay child support. Tiffany filed a cross-complaint requesting that Damian's child support obligation be increased. After a modification hearing, on November 8, 2013, the district court filed its order in which it

denied a change of custody and increased Damian's child support obligation. This is the order currently on appeal.

On December 2, 2013, Damian filed his first notice of appeal seeking review of the merits of the November 8 order, along with a motion to proceed in forma pauperis on appeal and a poverty affidavit. On December 12, the district court denied the motion to proceed in forma pauperis without comment, but later vacated that ruling. Without holding an evidentiary hearing, on December 16, the district court filed an amended order denying Damian's motion to proceed in forma pauperis on appeal based on the district court's determination that Damian had sufficient funds. On January 13, 2014, Damian filed a second notice of appeal, posted a bond, and paid the appellate docket fee. The January 13 filing sought review of the December 16, 2013, amended order denying him in forma pauperis status on appeal.

The appeal proceeded to oral argument on November 6, 2014, but there was no bill of exceptions filed for our review of the in forma pauperis ruling or the merits. On November 12, we entered an order in which we vacated the December 16, 2013, amended order and remanded the in forma pauperis issue to the district court for an evidentiary hearing on the issue of Damian's ability to pay. On November 14, 2014, the district court filed an order which granted Damian the right to proceed in forma pauperis on appeal.

The in forma pauperis issue has been resolved, and a record of the proceedings in the district court have now been prepared and filed. As explained below, following our de novo review of the record, we determine that the district court did not abuse its discretion when it declined to modify custody of Jakai, and in all respects, we affirm the November 8, 2013, order of the district court.

## STATEMENT OF FACTS

Damian and Tiffany had a child together, Jakai, who was born in October 2009. Damian and Tiffany were never married.

On February 17, 2010, the State on behalf of Jakai filed a "Paternity Complaint" against Damian, seeking the entry of a judgment of paternity against Damian and the entry of an order of child support against Damian. The district court entered a determination of paternity finding Damian to be the biological father of Jakai and entered a temporary order of child support against Damian in the amount of $50 per month.

On July 29, 2011, the district court filed its "Decree of Paternity, Custody, and Parenting Time." The decree provided that Tiffany and Damian would have joint legal custody of Jakai, and Tiffany was awarded physical custody subject to Damian's parenting time. The decree also incorporated a previous order of child support, which set Damian's child support obligation in the amount of $121 per month.

On March 21, 2012, Damian filed a complaint to modify the decree. Damian alleged that there had been a material change in circumstances since the entry of the decree. Damian stated that Tiffany had failed to comply with the decree in the following ways: interfering with Damian's parenting time; failing to comply with the terms of joint legal custody, specifically regarding Jakai's medical treatment, daycare provider, education, and religion; and failing to comply with provisions regarding exchanging the child. Damian requested that he be granted sole legal and physical custody of Jakai and that Tiffany be ordered to pay child support. During the approximately 1½ years that Damian's complaint to modify was pending, the district court twice found Tiffany guilty of contempt for failing to provide parenting time as previously ordered by the Court.

On January 23, 2013, Tiffany filed a cross-complaint seeking to modify the decree. She sought an increase in Damian's obligation of child support, alleging that there had been a substantial and material change in circumstances warranting a modification of the decree. She also requested that the decree be modified to change the arrangements for exchanging the child between the parties and to allow the parties to

communicate telephonically with Jakai during the other party's parenting time.

A trial regarding the cross-motions for modification was held on November 5, 2013. Tiffany, Damian, and Damian's mother testified at the trial. Damian offered and the court received 12 exhibits. Tiffany offered and the court received five exhibits.

After the trial, on November 8, 2013, the district court filed an order which did not modify custody but did increase Damian's child support obligation. This is the order at issue in this appeal. In its November 8 order, the court determined that Damian failed to show a material change in circumstances which would require a change of custody of Jakai and, in any event, that the evidence failed to show a change in custody was in Jakai's best interests. The court further determined that there had been a material change in circumstances with respect to Damian's finances, and the court increased Damian's child support obligation to $407 per month. The court denied all other requests of the parties.

On December 2, 2013, Damian filed a notice of appeal seeking review of the rulings in the November 8 order. He also filed a motion to proceed in forma pauperis on appeal and a poverty affidavit in support of the motion. On December 12, the district court filed an order in which it simply stated that Damian's "Motion to Proceed In Forma Pauperis is denied."

On December 16, 2013, the district court filed an amended order, which stated:

> On December 12, 2013, this Court entered an Order without hearing or opinion denying [Damian's] Motion to Proceed In Forma Pauperis. However, pursuant to NEB.REV.STAT. §25-2301.02 [(Reissue 2008)] and Glass v. Kenney, 268 Neb. 704[, 687 N.W.2d 907] (2004), this Court failed to hold an evidentiary hearing or provide written statement of its reasons, findings, and conclusions. Therefore, this Court finds that the Order, dated December 12, 2013, must be vacated and an Amended

Order be issued which complies with both the Nebraska Statute and the case law of our Supreme Court.

In its December 16, 2013, amended order, the court denied Damian's December 2 motion to proceed in forma pauperis on appeal based on its determination that Damian "is not a person who qualifies to proceed In Forma Pauperis." The court provided written reasons for its determination that Damian was not eligible to proceed in forma pauperis, all to the effect that Damian had sufficient funds. However, according to the record on appeal, an evidentiary hearing on the matter was not held.

Neb. Rev. Stat. § 25-2301.02 (Reissue 2008), to which reference is made in the district court's order of December 16, 2013, provides:

(1) An application to proceed in forma pauperis shall be granted unless there is an objection that the party filing the application (a) has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious. The objection to the application shall be made within thirty days after the filing of the application or at any time if the ground for the objection is that the initial application was fraudulent. Such objection may be made by the court on its own motion or on the motion of any interested person. The motion objecting to the application shall specifically set forth the grounds of the objection. An evidentiary hearing shall be conducted on the objection unless the objection is by the court on its own motion on the grounds that the applicant is asserting legal positions which are frivolous or malicious. If no hearing is held, the court shall provide a written statement of its reasons, findings, and conclusions for denial of the applicant's application to proceed in forma pauperis which shall become a part of the record of the proceeding. If an objection is sustained, the party filing the application shall have thirty days after the ruling or issuance of the statement to proceed with an action or appeal upon payment of fees, costs, or security

notwithstanding the subsequent expiration of any statute of limitations or deadline for appeal. In any event, the court shall not deny an application on the basis that the appellant's legal positions are frivolous or malicious if to do so would deny a defendant his or her constitutional right to appeal in a felony case.

(2) In the event that an application to proceed in forma pauperis is denied and an appeal is taken therefrom, the aggrieved party may make application for a transcript of the hearing on in forma pauperis eligibility. Upon such application, the court shall order the transcript to be prepared and the cost shall be paid by the county in the same manner as other claims are paid. The appellate court shall review the decision denying in forma pauperis eligibility de novo on the record based on the transcript of the hearing or the written statement of the court.

On January 13, 2014, Damian filed a second notice of appeal seeking review of the December 16, 2013, amended order which denied his December 2 motion to proceed in forma pauperis on appeal. With the filing of his second notice of appeal, Damian paid the docketing fee and bond. Damian's appeal of the denial of his application to proceed in forma pauperis on appeal was docketed in the existing appeal. We moved the case to our docket under our statutory authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

The appeal was set for oral argument on November 6, 2014, but there was no bill of exceptions pertaining to either the in forma pauperis issue or the modification trial to review. Because the threshold issue in this appeal was Damian's eligibility to proceed in forma pauperis, we considered this issue, and on November 12, we entered the following order:

Damian C., appellant, moves this Court for an order reversing the district court's amended order filed December 16, 2013, which denied his motion to proceed in forma pauperis on appeal based on a finding regarding indigency, but not based on any finding pertaining

to frivolous grounds. Upon due consideration, the order of December 16, 2013, is ordered vacated and the in forma pauperis on appeal [issue] based on indigency is remanded to the district court for an evidentiary hearing in accordance with Neb. Rev. Stat. § 25-2301.02(1) (Reissue 2008). The Clerk of the Supreme Court is directed to send a copy of this minute entry to the Clerk of the District Court, and the Clerk of the District Court is directed to certify a supplemental transcript reflecting the district court's decision following the evidentiary hearing and, if denied, the district court reporter is directed to prepare a bill of exceptions from the hearing at the expense of the county.

On November 14, 2014, the district court filed an order which granted Damian the right to proceed in forma pauperis on appeal. As a result, a bill of exceptions was filed on March 2, 2015.

The testimony from the modification trial held November 5, 2013, was in conflict. The record generally showed that the parties disputed the propriety of the manner in which the child was exchanged and whether each party interfered with the parenting time of the other. The record further showed that with respect to living circumstances, Damian lived with his parents and was employed at a bank, and Tiffany worked as a certified nursing assistant and was in nursing school but maintained her own apartment. Damian testified that Tiffany disparages him on social media. However, both parties were shown to be able parents.

In an order filed November 8, 2013, the district court denied a change in custody and increased Damian's child support obligation. Damian appeals.

## ASSIGNMENTS OF ERROR

Damian claims, restated, that the district court erred when it (1) determined that Damian did not establish a material change in circumstances since the entry of the decree, failed to modify custody so that Damian had sole legal and physical

custody, and failed to order Tiffany to pay child support and (2) increased Damian's child support obligation. Because Damian does not argue the second assignment of error in his appellate brief, we do not analyze it in this appeal. See *In re Claims Against Pierce Elevator*, 291 Neb. 798, 868 N.W.2d 781 (2015) (stating that errors that are assigned but not specifically argued will not be addressed by appellate court).

## STANDARDS OF REVIEW

[1] A district court's denial of in forma pauperis status under § 25-2301.02 is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court. § 25-2301.02(2); *State v. Sims*, 291 Neb. 475, 865 N.W.2d 800 (2015); *Gray v. Kenney*, 290 Neb. 888, 863 N.W.2d 127 (2015).

[2] Child custody determinations are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015).

## ANALYSIS

*In Forma Pauperis Issue.*

When this appeal was initially presented to this court, the threshold issue was whether the district court erred when, without conducting an evidentiary hearing, it denied Damian's motion to proceed in forma pauperis on appeal for the reason that Damian had sufficient funds. We determined that the district court had erred when it did not conduct a hearing before denying Damian's motion to proceed in forma pauperis on appeal on the grounds of his ability to pay. In our November 12, 2014, order, we vacated the district court's order denying Damian's motion and remanded the issue with directions to the district court to conduct a hearing on Damian's ability to pay before ruling on Damian's motion to proceed in forma pauperis on appeal. Below, we discuss our reasoning for this determination.

[3] Proceedings in forma pauperis are governed by chapter 25, article 23, of the Nebraska Revised Statutes. See Neb. Rev. Stat. §§ 25-2301 to 25-2310 (Reissue 2008). The term "in forma pauperis" is defined by statute as "the permission given by the court for a party to proceed without prepayment of fees and costs or security." § 25-2301(2). A party seeking such permission must file an application including a poverty "affidavit stating that the affiant is unable to pay the fees and costs or give security required to proceed with the case, the nature of the action, defense, or appeal, and the affiant's belief that he or she is entitled to redress." § 25-2301.01. We have often observed that the filing of a poverty affidavit, properly confirmed by oath or affirmation, serves as a substitute for the docket fee for an appeal. *In re Interest of Edward B.*, 285 Neb. 556, 827 N.W.2d 805 (2013). See, also, *In re Interest of Fedalina G.*, 272 Neb. 314, 721 N.W.2d 638 (2006); *Glass v. Kenney*, 268 Neb. 704, 687 N.W.2d 907 (2004).

The centerpiece for our discussion of the in forma pauperis issue in this case is found in § 25-2301.02, which provides:

(1) An application to proceed in forma pauperis shall be granted unless there is an objection that the party filing the application (a) has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious. The objection to the application shall be made within thirty days after the filing of the application or at any time if the ground for the objection is that the initial application was fraudulent. Such objection may be made by the court on its own motion or on the motion of any interested person. The motion objecting to the application shall specifically set forth the grounds of the objection. An evidentiary hearing shall be conducted on the objection unless the objection is by the court on its own motion on the grounds that the applicant is asserting legal positions which are frivolous or malicious. If no hearing is held, the court shall provide a written statement of its reasons, findings, and conclusions

for denial of the applicant's application to proceed in forma pauperis which shall become a part of the record of the proceeding. If an objection is sustained, the party filing the application shall have thirty days after the ruling or issuance of the statement to proceed with an action or appeal upon payment of fees, costs, or security notwithstanding the subsequent expiration of any statute of limitations or deadline for appeal. In any event, the court shall not deny an application on the basis that the appellant's legal positions are frivolous or malicious if to do so would deny a defendant his or her constitutional right to appeal in a felony case.

(2) In the event that an application to proceed in forma pauperis is denied and an appeal is taken therefrom, the aggrieved party may make application for a transcript of the hearing on in forma pauperis eligibility. Upon such application, the court shall order the transcript to be prepared and the cost shall be paid by the county in the same manner as other claims are paid. The appellate court shall review the decision denying in forma pauperis eligibility de novo on the record based on the transcript of the hearing or the written statement of the court.

Except in certain circumstances, the provisions of § 25-2301.02(1) generally direct the trial court to grant an application to proceed in forma pauperis. The trial court can deny an application for in forma pauperis status if the party filing the application "has sufficient funds to pay costs, fees, or security" or if the party filing the application "is asserting legal positions which are frivolous or malicious," except where such denial "would deny a defendant his or her constitutional right to appeal in a felony case." § 25-2301.02(1).

We note that in *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995), we determined under a predecessor statute that a trial court must hold a hearing before denying an application to proceed in forma pauperis. The requirement set forth in *Flora* to the effect that a court provide a hearing

before denying any application to proceed in forma pauperis is no longer a correct requirement. In 1999, the statute relied on in *Flora* was substantially amended, see § 25-2301 (Supp. 1999), and two statutes were added, see §§ 25-2301.01 and 25-2301.02 (Supp. 1999). Section 25-2301.02 (Reissue 2008), which is at issue in the present case, has remained largely unchanged since its addition in 1999.

Leaving aside the circumstance where a defendant has a constitutional right to appeal in a felony case, under the plain language of § 25-2301.02, a hearing is required on an objection to an applicant's request to proceed in forma pauperis, except that a hearing is not required on the application to proceed in forma pauperis if the denial of the application is because the court, on its own motion, objects on the grounds that the position asserted by the applicant is frivolous or malicious. See *Moore v. Nebraska Bd. of Parole*, 12 Neb. App. 525, 679 N.W.2d 427 (2004) (recognizing that § 25-2301.02 superseded requirement set forth in *Flora* wherein trial court formerly was required to hold hearing before denying any application to proceed in forma pauperis). Specifically, § 25-2301.02(1) states that in the event an objection is made to the application to proceed in forma pauperis, "[a]n evidentiary hearing shall be conducted on the objection *unless* the objection is by the court on its own motion on the grounds that the applicant is asserting legal positions which are frivolous or malicious." (Emphasis supplied.) To summarize, as we read § 25-2301.02(1), the trial court cannot deny in forma pauperis status based on the frivolous or malicious nature of the appeal where a defendant has a constitutional right to appeal in a felony case, and a hearing is required on an objection to a party's application for in forma pauperis status, whether the objection is based on the applicant's ability to pay or the applicant is asserting a frivolous position, except where the objection is made on the court's own motion on the grounds that the legal positions asserted by the applicant are frivolous or malicious.

We recently considered a denial of in forma pauperis status based on ability to pay in a case where the objection was raised by the court on its own motion. See *State v. Sims*, 291 Neb. 475, 865 N.W.2d 800 (2015). In *Sims*, we stated that a "hearing is required by the plain language of § 25-2301.02 in the event the court objects to an application to proceed in forma pauperis on the basis that the party filing the application 'has sufficient funds to pay costs, fees, or security.'" 291 Neb. at 478-79, 865 N.W.2d at 803. The present in forma pauperis issue is controlled by § 25-2301.02 and our reading of the statute as stated in *Sims*.

In this case, on December 2, 2013, Damian filed his notice of appeal from the district court's November 8 order on the merits of the case, and on the same day, he filed his motion and poverty affidavit to proceed in forma pauperis on appeal. The rulings made by the district court show that it believed that Damian had sufficient funds and, on its own motion, denied Damian's motion without holding an evidentiary hearing. Specifically, on December 12, the district court filed an order in which it simply stated that Damian's "Motion to Proceed In Forma Pauperis is denied." And on December 16, the district court filed an amended order in which it stated:

> On December 12, 2013, this Court entered an Order without hearing or opinion denying [Damian's] Motion to Proceed In Forma Pauperis. However, pursuant to Neb. Rev.Stat. §25-2301.02 and Glass v. Kenney, 268 Neb. 704[, 687 N.W.2d 907] (2004), this Court failed to hold an evidentiary hearing or provide written statement of its reasons, findings, and conclusions. Therefore, this Court finds that the Order, dated December 12, 2013, must be vacated and an Amended Order be issued which complies with both the Nebraska Statute and the case law of our Supreme Court.

In the amended order, the district court set forth Damian's income and expenses as reflected in Damian's motion and affidavit to proceed in forma pauperis on appeal. Based on

this information, the district court determined that Damian had sufficient funds and thus "is not a person who qualifies to proceed In Forma Pauperis." On January 13, 2014, Damian filed his notice of appeal from the December 16, 2013, amended order denying his motion to proceed in forma pauperis on appeal.

Under § 25-2301.02(1), the court was required to hold a hearing on Damian's motion to proceed in forma pauperis where the objection was made on the court's own motion on the grounds of ability to pay. The district court erred when it failed to conduct a hearing—hence, our order remanding the issue to the district court.

For the sake of completeness, we note that Tiffany asserted that Damian waived his right to proceed in forma pauperis because he paid the docketing fee and bond when he filed his January 13, 2014, notice of appeal from the December 16, 2013, amended order which denied his motion to proceed in forma pauperis on appeal. Tiffany also asserted that the foregoing demonstrated Damian's ability to pay for the appeal. Because the docket fee paid by Damian is not inconsistent with in forma pauperis eligibility, Damian did not waive his right to seek to proceed in forma pauperis, and we reject Tiffany's arguments.

We have observed that there is a statutory right of interlocutory appellate review of a decision denying in forma pauperis eligibility to be conducted "de novo on the record based on the transcript of the hearing or the written statement of the court." § 25-2301.02(2). See *State v. Sims*, 291 Neb. 475, 865 N.W.2d 800 (2015). See, also, *Glass v. Kenney*, 268 Neb. 704, 687 N.W.2d 907 (2004); *Jacob v. Schlichtman*, 261 Neb. 169, 622 N.W.2d 852 (2001). The statutory provisions anticipate an appeal achieved by filing a docket fee or by filing a poverty affidavit in lieu of the docket fee and the filing of a record sufficient for appellate review. Because Damian had a statutory right to appeal, the district court's denial of his motion for in forma pauperis status on appeal based on ability to pay

without a hearing deprived this court of a record other than the district court's statement by which to perform a meaningful appellate review of the in forma pauperis ruling. A record, the cost of which is statutorily to be paid by the county, was necessary for our review, and a record prepared at the county's expense does not demonstrate a party's ability to pay for the entire record or other costs of an appeal.

In *Jacob v. Schlichtman, supra*, we discussed what costs, fees, or security a litigant proceeding in forma pauperis was excused from paying. We stated:

> After defining "in forma pauperis" and establishing a statutory procedure for determining whether a litigant may proceed in that status, the Legislature made specific provisions for waiver or payment of various costs and expenses which the in forma pauperis litigant is excused from paying. Section 25-2302 provides that upon determining that a party may proceed in forma pauperis, the court "shall direct the responsible officer of the court to issue and serve all the necessary writs, process, and proceedings and perform all such duties without charge." Counties are required to pay other essential costs incurred by the in forma pauperis litigant. See, § 25-2303 (expense of process by publication, if required); § 25-2304 (payment of process and fees to secure presence of witnesses whom court finds to have evidence material and necessary to case); §§ 25-2305 to 25-2307 (costs associated with briefs and record on appeal).

*Jacob v. Schlichtman*, 261 Neb. at 175-76, 622 N.W.2d at 856. See, also, *Glass v. Kenney*, 268 Neb. at 708, 687 N.W.2d at 911 (stating that "[t]he fees, costs, or security referred to in § 25-2301.02(1) are those customarily required to docket an appeal. See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2002). We read §§ 25-2301.02 and 25-1912 in pari materia"). Although Damian paid the docketing fee and bond when he sought review of the district court's in forma pauperis ruling, there are other costs and fees associated with proceeding with an

appeal that can be costly, and such costs and fees would not be borne by Damian if Damian were granted in forma pauperis status. Therefore, we determined that Damian did not waive his right to proceed in forma pauperis on appeal when he paid a docketing fee.

To summarize the proceedings, based on our determination that the district court erred when it failed to hold an evidentiary hearing regarding whether Damian had "sufficient funds to pay costs, fees, or security" before denying his motion to proceed in forma pauperis on appeal, we entered an order on November 12, 2014, in which we vacated the December 16, 2013, amended order and remanded the issue for an evidentiary hearing to be held in accordance with § 25-2301.02. On November 14, 2014, the district court filed an order which granted Damian the right to proceed in forma pauperis on appeal. Thus, this issue has been resolved and a record of the proceedings below, including the hearing on the merits of the modification and support issues, has been prepared and filed and is available for our review.

*The District Court's Denial of*
*Modification of Custody.*

With respect to the merits of this case, Damian claims that the district court erred when it determined that Damian failed to establish that a material change in circumstances had occurred since the entry of the decree and thus declined to modify custody of Jakai solely to Damian or order that Tiffany pay child support. Having reviewed the record, we find no merit to these assignments of error.

[4-6] Child custody determinations are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015). An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if

its action is clearly against justice or conscience, reason, and evidence. *Flores v. Flores-Guerrero*, 290 Neb. 248, 859 N.W.2d 578 (2015). A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result. *Schrag v. Spear, supra*. In child custody cases, where the credible evidence is in conflict on a material issue of fact, the appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id.*

[7-9] The legal principles governing modification of child custody are well settled. As summarized in *Adams v. Adams*, 13 Neb. App. 276, 285, 691 N.W.2d 541, 548-49 (2005), "First, the party seeking modification must show a material change in circumstances, occurring after the entry of the previous custody order and affecting the best interests of the child. Next, the party seeking modification must prove that changing the child's custody is in the child's best interests." A material change in circumstances means the occurrence of something which, had it been known at the time of the initial decree, would have persuaded the court to decree differently. See *Schrag v. Spear, supra*. The party seeking modification of child custody bears the burden of showing as an initial matter that there has been a change in circumstances. See *id.*

In this case, the district court stated in its November 8, 2013, order that Damian had failed to establish at the hearing there had been a material change in circumstance since the decree had been filed 2 years prior thereto and, in any event, that the evidence was insufficient to determine it was in the best interests of the minor child to modify custody. In making these determinations, the district court set forth the evidence as follows:

> 1. That the minor child came for parenting time with, what [Damian] characterized as bruises on the body of the child. [Note: It is disputed as to when the bruising

occurred.] [Brackets in original.] This incident was investigated by law enforcement and the Department of Health and Human Services, and according to [Damian], the marks on the child were determined to be heat rashes. Further, and of significance, is that no action was taken by any agency in regard to this incident.

2. That [Tiffany] failed to allow parenting time, as ordered by this Court, on multiple occasions and was held in contempt on two separate occasions. Although this reflects negatively upon [Tiffany], she has since corrected these poor decisions.

3. That both parties fail to appropriately communicate in regard to the child, which has caused numerous, unnecessary, problems for both parents.

4. That [Damian] complains about [Tiffany] not following the parenting plan in regard to his right of first refusal to parent the child, but, yet, [Damian] has not requested any additional parenting time pursuant to his right of first refusal. As a result, [Damian] is as much at fault as [Tiffany] on this issue. Again, the lack of communication skills by both parties only magnifies this issue.

5. The evidence is completely void of any direct harm to the child caused by any alleged parenting deficiencies of [Tiffany]. In fact, the evidence reflects that, for a single parent with limited resources, she has matured as a parent.

6. [Tiffany's] negative comments about [Damian] on social media is concerning, but no direct connection was made as to how these comments impact the child.

7. Lastly, even if [Damian's] concerns are reflective of the situation, the evidence does not reflect how these circumstances are any different, now, than they were at the time that the Decree was entered.

Based on this evidence, the district court declined to modify custody.

[10] Upon our de novo review of the record in this case, we agree that the evidence adduced at the modification trial did not establish a material change in circumstances since the entry of the decree warranting a change in custody. At trial, both Damian and Tiffany presented conflicting evidence concerning their own parenting strengths and the weaknesses of the other parent. Both parties showed that they are employed and that they love and are able to care for Jakai. Regarding why he believed custody of Jakai should be modified, Damian presented evidence that Tiffany had interfered with his parenting time on various occasions, and the record showed that she had earlier been held in contempt for such interference. However, the record also showed, as noted by the district court, that in the year prior to the modification trial, Tiffany had addressed this problem and adhered to the parenting time schedule. In determining whether the custody of a minor child should be changed, the evidence of the custodial parent's behavior during the year or so before the hearing on the motion to modify is of more significance than the behavior prior to that time. *Schrag v. Spear,* 290 Neb. 98, 858 N.W.2d 865 (2015); *State on behalf of Dawn M. v. Jerrod M.*, 22 Neb. App. 835, 861 N.W.2d 755 (2015).

Damian testified that Tiffany made disparaging remarks about him on social media, and we agree with the district court that this is concerning. But the record did not show that this disrespect was communicated to the child or affected him up to the point of trial. The record shows that Damian claimed that Tiffany did not adhere to Damian's right of first refusal and failed to consult with him on decisions regarding Jakai's medical treatment and daycare. However, Tiffany presented contrary evidence regarding Damian's failure to communicate effectively about decisions regarding Jakai and that Damain had not requested any additional parenting time with Jakai through his right of first refusal.

In child custody cases, where the credible evidence is in conflict on a material issue of fact, the appellate court

considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Schrag v. Spear, supra*. Based on the evidence presented at trial, the district court determined that there was not a change in circumstances warranting a modification of custody. The district court also determined that the evidence failed to show that a change of custody solely to Damian was in Jakai's best interests. Given the record in this case, and given our standard of review and deference to the trial court's determinations with respect to the credibility of the witnesses, we cannot say that the court's denial of the modification of custody was clearly untenable or an abuse of discretion. Accordingly, we affirm the decision of the district court.

## CONCLUSION

The issue of Damian's in forma pauperis status on appeal has been resolved. Upon our de novo review of the record of the modification trial, we determine the district court did not abuse its discretion when it determined that Damian failed to show a material change in circumstances since the entry of the decree or that the best interests of the child demonstrably required modification and thus concluded that a modification of custody was not warranted and adjusted child support. Therefore, we affirm the November 8, 2013, order of the district court in all respects.

AFFIRMED.