IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


DAVEY V. HOBZA


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


DENNIS J. DAVEY, APPELLANT,

V.

THERESA HOBZA, APPELLEE.


Filed August 21, 2018.    No. A-17-1086.


Appeal from the District Court for Douglas County: TIMOTHY P. BURNS, Judge. Affirmed.

John A. Kinney, of Kinney Mason, P.C., L.L.O., for appellant.

Albert P. Burnes, of Burnes Law Office, for appellee.


PIRTLE, RIEDMANN, and WELCH, Judges.

RIEDMANN, Judge.


## INTRODUCTION

Dennis J. Davey appeals the order of the district court for Douglas County, which denied his complaint to modify a decree of paternity and parenting plan. We conclude that the district court did not abuse its discretion in finding no material change in circumstances. We therefore affirm.

## BACKGROUND

Davey and Theresa Hobza are the parents of a minor child who was born in 2003. The district court entered a decree of paternity and parenting plan in June 2009. At that time, the court determined that both parties were fit and proper parents and awarded primary custody of the child to Hobza subject to Davey's parenting time. The parties were awarded joint legal custody, but Hobza was given the final say in decisions regarding religion, education, medical care, and

discipline in instances where the parties were unable to agree. Davey was awarded parenting time every other weekend from Friday evening until Sunday evening, and in the alternate weeks, he received an overnight visit on Wednesday. He also received an additional 3 weeks of parenting time, which could be taken in combination during the summer and winter.

On September 29, 2015, Davey filed a complaint for modification. The complaint alleged that a material change of circumstances had occurred, and he therefore requested a modification of custody, parenting time, and child support. Specifically, he asked for sole legal and physical custody of the child and requested that Hobza be awarded parenting time every other weekend and, in the alternate weeks, an overnight on Wednesday.

The modification hearing was held on September 11, 2017. The child was 13 years old and in eighth grade at the time. He testified in camera and admitted to having disruptive behavior and academic issues at school. He also expressed that he would like to live with Davey and offered the reasons for his preference.

At the time of the modification hearing, Davey was working as a utility lineman and had been married for 2 years. Shortly before trial, he purchased a residence close to Hobza's residence and to the child's school. Davey acknowledged a history of alcohol use and explained that he had been sober for 8 years until he relapsed in March 2016. Thereafter, he was convicted of driving under the influence, his seventh such conviction, and was placed on 4 years' probation.

Davey explained that he was very concerned about the child's performance in school, both in terms of behavior and academics, and would like to get him some tutoring. He also expressed concern about Hobza's stability in terms of relationships and drinking alcohol. There was evidence presented at trial regarding an incident where Hobza became intoxicated around the child on January 1, 2016, and a separate incident while she was camping with the child in August 2017.

In her testimony, Hobza also acknowledged that the child has had behavioral and academic difficulties at school. She said when the child gets in trouble at school, she will sit down with him and discuss what he did, and she tries to teach him that he needs to make good decisions, follow the rules, and be respectful. She has also taken several parenting classes and spoken with the child's counselor in an effort to better help the child. She explained that she communicates with the child's teachers to help hold him accountable at school and has disciplined him when he breaks the rules by taking away his electronics.

The district court subsequently entered a modification order, finding that the evidence failed to establish a material change in circumstances with respect to custody and parenting time. The court additionally determined that it was in the best interests of the child that the original decree and parenting plan continue. Recognizing that Davey would be moving to a residence closer to Hobza, the court reminded the parties that the original parenting plan allowed them to temporarily modify visitation and access to the child upon their agreement. Davey appeals.

ASSIGNMENTS OF ERROR

Davey assigns that the district court erred in (1) failing to award him primary physical custody, (2) failing to award him primary legal custody, and (3) suggesting that he should be awarded additional parenting time but failing to order it.

STANDARD OF REVIEW

Child custody determinations are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *State on behalf of Jakai C. v. Tiffany M.*, 292 Neb. 68, 871 N.W.2d 230 (2015).

ANALYSIS

*Modification of Physical and Legal Custody.*

Davey first argues that the district court erred in failing to modify the decree and parenting plan to award him primary physical and legal custody of the child. We find no abuse of discretion.

The party seeking modification must show a material change in circumstances, occurring after the entry of the previous custody order and affecting the best interests of the child. *Id.* The party seeking modification must prove that changing the child's custody is in the child's best interests. *Id.* A material change in circumstances means the occurrence of something which, had it been known at the time of the initial decree, would have persuaded the court to decree differently. *Id.* The party seeking modification of child custody bears the burden of showing as an initial matter that there has been a change in circumstances. *Id.*

In the present case, Davey's complaint to modify alleged that a material change in circumstances occurred because Hobza had denied Davey parenting time, and the child had expressed a sincere desire to reside with Davey. At trial, Davey also presented evidence of two incidents of Hobza's use of alcohol and the child's academic and behavioral difficulties at school.

The district court found that the evidence of the two incidents regarding Hobza's drinking were "isolated and overblown" and expressed continued concern about Davey's alcohol use, particularly given that he received his seventh driving under the influence conviction during the pendency of the modification action. The district court had clearly been concerned about Davey's alcohol use at the time the initial decree and parenting plan were entered because the decree specifically prohibited Davey from consuming alcohol while in the presence of the child or during his parenting time and required Davey to undergo hair follicle testing for the following 2 years. Thus, even if the district court had evidence of Hobza's drinking at the time the original decree was entered, we cannot say that the court would have been persuaded to decree differently given Davey's more significant and long-term alcohol issues.

The court also recognized that the child was struggling at school but found that both parents are involved and trying to redirect him. Hobza acknowledged the child's difficulties at school and the evidence established that in an effort to help him, she is taking him to a counselor, communicates with his teachers to hold him accountable, disciplines him by taking away his electronics, and has taken parenting classes. Thus, we disagree with Davey's assertion that Hobza was not concerned about the child's struggles.

In addition, there was no evidence that Hobza denied Davey parenting time. There was an issue with allowing Davey's wife to transport the child for Davey's parenting time, but that issue was resolved via a contempt hearing. We observe that the child testified that he wanted to live with Davey and offered a reasonable basis for his desire. However, while the wishes of a child are

entitled to consideration if the child is of sufficient age and has expressed an intelligent preference, the child's preference is not controlling in the determination of custody. See *Berndt v. Berndt*, 25 Neb. App. 272, 904 N.W.2d 24 (2017). And because the court determined that Davey failed to prove a material change in circumstances, even when considering the child's preference, the court properly declined to place primary physical and legal custody of the child with Davey. Based on the record before us, we find no abuse of discretion in the district court's conclusion that there was no material change in circumstances warranting a modification of custody.

*Additional Parenting Time.*

Davey also argues that the district court erred in suggesting that he should receive additional parenting time with the child but failed to order it. We disagree.

Parenting time determinations are also matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Schriner v. Schriner*, 25 Neb. App. 165, 903 N.W.2d 691 (2017). The best interests of the children are the primary and paramount considerations in determining and modifying parenting time. *Id*. The right of parenting time is subject to continuous review by the court, and a party may seek modification of a parenting time order on the grounds that there has been a material change in circumstances. *Id*.

In its order denying Davey's complaint to modify the decree and parenting plan, the district court recognized that Davey had recently purchased a residence near Hobza's residence and reminded the parties that the current parenting plan provides that the terms concerning parenting time and access to the child "may be adjusted or temporarily modified in length, timing, or terms upon reasonable advance notice, communication[,] and agreement" between Davey, Hobza, and the child, when appropriate. Thus, the court advised that the parties keep this provision in mind when going forward. Because the court concluded that there had been no material change in circumstances, however, it was precluded from modifying the parenting plan to award Davey additional parenting time. The party seeking modification bears the burden of showing as an initial matter that there has been a change in circumstances. *State on behalf of Jakai C. v. Tiffany M.*, 292 Neb. 68, 871 N.W.2d 230 (2015). Unless the moving party meets its burden, the court may not modify custody or parenting time. As we determined above, the district court did not abuse its discretion in concluding that Davey failed to prove a material change in circumstances. Accordingly, we find no merit to Davey's argument that the court's refusal to modify the parenting plan was in error.

CONCLUSION

Finding no abuse of discretion in the district court's decision to deny the request to modify custody and parenting time, we affirm.

AFFIRMED.