IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

GRAY V. HUBERT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

GRAYLIN GRAY, APPELLANT,

V.

DONNA HUBERT, APPELLEE.

Filed March 2, 2021.    No. A-20-339.

Appeal from the District Court for Lancaster County: SUSAN I. STRONG, Judge. Affirmed in part, and in part reversed and vacated.

Graylin Gray, pro se.

Douglas J. Peterson, Attorney General, and James D. Smith for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Graylin Gray appeals the Lancaster County District Court's denial of his request for in forma pauperis (IFP) status and the court's subsequent denial of his motion for reconsideration and dismissal of his complaint for writ of mandamus. Gray contends that the district court erred in denying his motion to proceed IFP on the basis he was able to pay the fees and costs of the action and that the district court erred in denying his motion to reconsider and dismissing the case with prejudice. For the reasons set forth herein, we affirm in part, and in part reverse and vacate.

## STATEMENT OF FACTS

In early March 2020, Gray filed a complaint for a writ of mandamus for the Clerk of the Lancaster County Court to provide him with a copy of a criminal complaint filed against Gray in a specific criminal case. Gray alleged that he had requested the records multiple times but Donna

Hubert, in her official capacity as clerk of the Lancaster County Court, had not answered or otherwise responded to any of his requests. Gray also filed a motion to proceed IFP and a poverty affidavit, which incorporated his Department of Correctional Services inmate account.

On March 11, 2020, the district court denied Gray's request to proceed IFP, finding that Gray's poverty affidavit in support of his motion to proceed IFP showed that

> he is incarcerated and has maintained for the past few months an average of approximately $200 in his inmate account. The Court finds that [Gray] is able to pay the fees and costs of this action and that the County should not be required to pay for this proceeding.
>
> . . . The lawsuit will be dismissed thirty days after the date of this order unless [Gray] makes the proper payment of filing fees with the Clerk of the District Court.

Within 10 days of the district court's order denying IFP status, Gray timely filed a motion for reconsideration asking the court to allow him to proceed IFP.

On April 20, 2020, the district court denied the motion for reconsideration and dismissed Gray's case with prejudice for his failure to pay the filing fee within 30 days. Gray timely appealed the district court's denial of his IFP status and his motion to reconsider and the dismissal of his case.

After reviewing the transcript, this court issued an order to show cause (OSC) wherein we stated:

> Here, it appears from this court's review of the transcript that there was no objection to Gray's motion to proceed IFP filed by any interested person and that the motion was made by the court on its own motion. Further, the court's order denying Gray's motion to proceed IFP is based upon the court's determination that Gray has sufficient funds with which to pay the costs of his action, not that he was asserting legal positions which were frivolous or malicious. As such, § 25-2301.02(1) required that the court hold an evidentiary hearing on Gray's motion to proceed IFP and that such evidentiary hearing does not appear to have been held. Accordingly, the parties are given 10 days to show cause why this case should not be summarily reversed and remanded for further proceedings.

The State responded to our OSC arguing that Gray's brief did not assign and argue error on the basis that no evidentiary hearing was held, and therefore, this court should review the lack of an evidentiary hearing for plain error. The State further argued that this court should not summarily reverse on plain error review because the record does not establish that an evidentiary hearing was not held in this case.

## ASSIGNMENTS OF ERROR

Gray contends the district court erred in denying his motion to proceed IFP on the basis that he is able to pay the fees and costs of this action.

Gray also assigns as error that the district court erred in denying his motion to reconsider and dismissing the case with prejudice; however, Gray does not argue this assignment of error in his brief. In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *In re Guardianship &*

*Conservatorship of J.F.*, 307 Neb. 452, 949 N.W.2d 496 (2020). Thus, we decline to consider this assigned error.

STANDARD OF REVIEW

A district court's denial of in forma pauperis status is reviewed de novo on the record based on the transcript of the hearing or written statement of the court. Neb. Rev. Stat. § 25-2301.02(2) (Reissue 2016); *Sabino v. Ozuna*, 303 Neb. 318, 928 N.W.2d 778 (2019).

ANALYSIS

Before addressing Gray's claim that the district court erred in denying his motion to proceed IFP on the basis that he had sufficient funds to pay the fees and costs of this action, we note that, as an initial matter, there is some question as to whether the district court held a hearing following the district court's own objection to Gray's IFP request on the basis that he had sufficient funds to pay. A hearing is required by the plain language of § 25-2301.02(1) in the event the court objects to an application to proceed in forma pauperis on the basis that the party filing the application "has sufficient funds to pay costs, fees, or security." See *State v. Sims*, 291 Neb. 475, 865 N.W.2d 800 (2015).

Nebraska's IFP statutes are codified at Neb. Rev. Stat. §§ 25-2301 to 25-2310 (Reissue 2016). "In forma pauperis" is defined to mean "the permission given by the court for a party to proceed without prepayment of fees and costs or security." § 25-2301(2). Section 25-2301.01 provides:

> Any county or state court, except the Nebraska Workers' Compensation Court, may authorize the commencement, prosecution, defense, or appeal therein, of a civil or criminal case in forma pauperis. An application to proceed in forma pauperis shall include an affidavit stating that the affiant is unable to pay the fees and costs or give security required to proceed with the case, the nature of the action, defense, or appeal, and the affiant's belief that he or she is entitled to redress.

Section 25-2301.02(1) provides:

> An application to proceed in forma pauperis shall be granted unless there is an objection that the party filing the application (a) has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious. The objection to the application shall be made within thirty days after the filing of the application or at any time if the ground for the objection is that the initial application was fraudulent. Such objection may be made by the court on its own motion or on the motion of any interested person. The motion objecting to the application shall specifically set forth the grounds of the objection. *An evidentiary hearing shall be conducted on the objection unless the objection is by the court on its own motion on the grounds that the applicant is asserting legal positions which are frivolous or malicious.* If no hearing is held, the court shall provide a written statement of its reasons, findings, and conclusions for denial of the applicant's application to proceed in forma pauperis which shall become a part of the record of the proceeding. If an objection is sustained, the party filing the application shall have thirty days after the ruling or issuance of the statement to proceed with an action or appeal

upon payment of fees, costs, or security notwithstanding the subsequent expiration of any statute of limitations or deadline for appeal. In any event, the court shall not deny an application on the basis that the appellant's legal positions are frivolous or malicious if to do so would deny a defendant his or her constitutional right to appeal in a felony case.

(Emphasis supplied.)

Because Gray has not assigned as error the district court's failure to hold a hearing, we review this matter for plain error. An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020).

In the instant case, the only indication of the procedural history in this case comes from the court's two orders. In the first order, the district court stated:

> This matter comes before the Court on Relator's Motion to Proceed In Forma Pauperis (Filing #1) and accompanying "Complaint for Writ of Mandamus Expedited Hearing Proceeding Pursuant to Neb. Rev. Stat § 84-712.03(3)." Relator seeks an expedited proceeding to obtain records pertinent to his conviction in a 2006 criminal case.

Later in the same order, the court stated:

> [Gray's] Poverty Affidavit in Support of his Motion to Proceed in Forma Pauperis shows that he is incarcerated and has maintained for the past few months an average of approximately $200 in his inmate account. The Court finds that [Gray] is able to pay the fees and costs of this action and that the County should not be required to pay for this proceeding.

Further, there is no filing before this court to indicate that no hearing was held. Therefore, based upon our de novo review of the district court's order, we find that the record before this court is insufficient to determine, on plain error review, that no hearing took place.

We now turn to Gray's assignment of error that was argued. In short, Gray contends the district court erred in its factual determination that he had the ability to pay the costs and fees of this action. Due to the lack of a bill of exceptions, we review the district court's denial of Gray's request to proceed IFP based upon the written statement of the court. See, § 25-2301.02(2); *Sabino v. Ozuna*, 303 Neb. 318, 928 N.W.2d 778 (2019). As a general proposition, it is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *State v. Ferrin*, 305 Neb. 762, 942 N.W.2d 404 (2020).

We further take guidance from the Nebraska Supreme Court's decision in *State v. Sims*, 291 Neb. 475, 479, 865 N.W.2d 800, 803 (2015), where, when presented with a similar situation, the Nebraska Supreme Court held:

> Here, the district court indicated in its order denying the application to proceed in forma pauperis that the matter "came on for hearing." And [the defendant] does not now complain that no hearing was held. We additionally note that our appellate record contains no bill of exceptions and no exhibits from any hearing, but we do not find this dispositive.

Section 25-2301.02(2) provides that "[i]n the event that an application to proceed in forma pauperis is denied and an appeal is taken therefrom, the aggrieved party may make application for a transcript of the hearing on in forma pauperis eligibility." In this case, [the defendant] is the aggrieved party, but made no application for the transcript of the hearing. As such, we will determine the issues presented by this appeal from a review of the district court's order denying [the defendant's] application to proceed in forma pauperis, as well as the documents attached to [the defendant's] application to proceed in forma pauperis. It is apparent from our review of the record that these documents were available to the district court.

Here, based upon our de novo review of the district court's order and Gray's poverty affidavit and supporting documents, the district court did not err in denying Gray's motion for IFP based upon the court's finding that Gray "is incarcerated and has maintained for the past few months an average of approximately $200 in his inmate account. The Court finds that [Gray] is able to pay the fees and costs of this action and that the County should not be required to pay for this proceeding." Without evidence in the record to substantiate the facts now argued by Gray in his brief on appeal, we find Gray's poverty affidavit and supporting documents support the district court's conclusion.

Next, although we will not address Gray's second assigned error in connection with the district court's March 11, 2020, order due to Gray's failure to provide argument in connection with that assignment, we do find a portion of the district court's March 11 order contains plain error. Specifically, that portion of the order providing that Gray's "lawsuit will be dismissed thirty days after the date of this order unless [Gray] makes the proper payment of filing fees with the Clerk of the District Court" was plain error.

An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020). Generally, an appellate court will find plain error only when a miscarriage of justice would otherwise occur. *Id.*

Generally, appeals must be filed within 30 days after the entry of the judgment, decree, or final order. Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2020). However, that period may be terminated by filing a motion to alter or amend within 10 days of the judgment. *State v. Harris*, 307 Neb. 237, 948 N.W.2d 736 (2020). A new period of 30 days for filing a notice of appeal commences when the terminating motion is ordered dismissed. *Id.* Here, Gray filed a valid terminating motion in the form of a "Motion for Reconsideration."

Typically, a motion for reconsideration does not terminate the time for appeal and is considered nothing more than an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment. *Id.* However, in some contexts, a motion for reconsideration may also be treated as a motion to alter or amend a judgment for purposes of terminating the appeal period. *Id.* To be treated as a motion to alter or amend a judgment, a motion for reconsideration must be filed no later than 10 days after the entry of judgment and seek substantive alteration of the judgment. *Id.*

Here, Gray filed his motion for reconsideration within 10 days of the district court's March 11, 2020, order denying his request to proceed IFP and requested substantive alteration of the district court's judgment through his request that the court "allow [Gray] to proceed IFP." Gray's timely filing of his motion for reconsideration tolled the time for filing his notice of appeal of the denial of his request to proceed IFP. Thus, the portion of the district court's April 20, 2020, order dismissing Gray's case with prejudice for his failure to pay the filing fee within 30 days is reversed and vacated. Gray has 30 days from the date of this opinion to pay the filing fees associated with his complaint if he wishes to pursue it.

## CONCLUSION

Having determined that the record before this court is insufficient on plain error review to determine no hearing was held pursuant to § 25-2301.02(1) and that the limited record provided by Gray supports the factual findings made by the district court, we affirm the district court's denial of Gray's request to proceed in forma pauperis. However, we reverse and vacate that portion of the district court's dismissing Gray's case with prejudice for his failure to pay the filing fee within 30 days.

AFFIRMED IN PART, AND IN PART REVERSED AND VACATED.